(No. 78-CC-0949– )

DAVID BATZER and STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Claimants, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed November 27, 1985.*

COSTIGAN & WOLLRAB, for Claimants.

NEIL F. HARTIGAN, Attorney General (G. MICHAEL TAYLOR, Assistant Attorney General, of counsel), for Respondent.

POCH, J.

This cause coming to be heard upon the joint stipulation of the Claimant and the Respondent, due notice having been given, and the Court being fully advised in the premises, finds as follows:

The parties have filed with this Court a joint stipulation which provides, in pertinent part, as follows:

1. That on the 29th day of May 1977, Claimant, David Batzer was the owner of a 1970 Oldsmobile station wagon automobile which he was driving in a northerly direction on U.S. Highway 66-55 in McLean County, Illinois, at the intersection of said highway with U.S. Highway 136.

2. That at the intersection of Highways 136 and 66-55 on said date there was a traffic control device controlling access to the intersection by vehicular traffic on either of the two stated highways.

3. That the responsibility for the maintenance of

said highways and said traffic control devices was vested in the State of Illinois.

4. That the Claimant, David Batzer, had a collision at the said intersection of U.S. Highway 66-55 and U.S. Highway 136.

5. That said accident has given rise to this suit before the Court of Claims of the State of Illinois.

6. That in the interests of avoiding protracted litigation the Respondent consents to an award in the amount of nine hundred dollars ($900.00) to the Claimant. Consent to this award is not an admission of liability on the part of the Respondent and the Respondent does not admit liability. *Connolly v. State* (1983), 35 Ill. Ct. Cl. 838. The Claimant consents to accept said amount in full satisfaction of his claim.

While this Court is not bound by such settlements, the Court has no desire to create controversy where none exists and the terms proposed in the joint stipulation appear to be reasonable and freely entered into.

It is therefore ordered that an award is entered in favor of the Claimant in the amount of nine hundred dollars ($900.00), said award being a full and complete satisfaction of Claimant's complaint.